751 N.W.2d 166 (2008)
276 Neb. 37
STATE of Nebraska, appellee and cross-appellant,
v.
John C. EPTING, Sr., appellant and cross-appellee.
No. S-07-886.
Supreme Court of Nebraska.
July 3, 2008.
Patrick B. Hays, Lincoln County Public Defender, for appellant.
Jon Bruning, Attorney General, and George R. Love, Columbus, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*167 WRIGHT, J.

NATURE OF CASE
This case is before the court styled as a new direct appeal arising from a motion for postconviction relief. Without conducting an evidentiary hearing, the district court for Lincoln County entered an order granting John C. Epting, Sr., a new direct appeal. We conclude that the district court erred in ordering postconviction relief.

SCOPE OF REVIEW
The dispositive procedural issues presented by the State's cross-appeal arise under the Nebraska Postconviction Act, Neb.Rev.Stat. §§ 29-3001 to 29-3004 (Reissue 1995). Statutory interpretation presents a question of law, and an appellate court resolves such issues independently of the lower court's conclusions. State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008).

FACTS
On December 19, 2005, an information was filed in the district court for Lincoln County, charging Epting with second degree murder and use of a deadly weapon to commit a felony. Epting subsequently entered a plea of no contest to an amended information charging him with manslaughter and first degree assault. The court sentenced Epting to a term of imprisonment of 15 to 20 years for his manslaughter conviction and a term of 10 to 20 years for his first degree assault conviction.
Epting, acting pro se, filed a verified motion for postconviction relief, alleging that his "trial counsel did not file a notice of appeal nor advise his client that an appeal could be taken form [sic] the pleading proceeding and conviction." On July 17, 2007, the district court, without conducting an evidentiary hearing, entered an order finding that "based on the allegations contained in the motion[,] there may have been a denial of the right to counsel on a direct appeal." It granted Epting relief in the form of a new direct appeal. Epting subsequently filed this appeal on August 15.
The State filed a praecipe for a bill of exceptions and a transcript for any proceedings or filings on or after July 9, 2007, the date Epting filed his motion for postconviction relief. The court reporter certified that no record of any proceedings or filings was made on the dates specified, other than Epting's July 9 motion and the district court's July 17 order.

ASSIGNMENTS OF ERROR
Epting proceeds as if he were before this court on a direct appeal. On cross-appeal, the State claims the district court erred in granting postconviction relief without first conducting an evidentiary hearing and making findings of fact and conclusions of law.

ANALYSIS
The issue is whether a district court may grant postconviction relief without first conducting a hearing. We have previously determined this issue in State v. Jim, supra, where we set forth the procedural requirements that the parties and the court must follow under the Nebraska Postconviction Act. "Unless the motion and the files and records of the case show... that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues[,] and make findings of fact and conclusions of law with respect thereto." § 29-3001. See State v. Jim, supra.
The record includes the bill of exceptions from Epting's trial but none from an evidentiary hearing before the district *168 court regarding postconviction. We have only Epting's verified motion for postconviction relief and the district court's order in the postconviction record granting a new direct appeal. Because there was no evidentiary hearing as required, we cannot conduct a meaningful review of the postconviction proceedings before the district court.
If the district court grants an evidentiary hearing in a postconviction proceeding, it is obligated to determine the issues and make findings of fact and conclusions of law with respect thereto. State v. Jim, 275 Neb. 481, 747 N.W.2d 410 (2008).

CONCLUSION
The district court erred in granting Epting a new direct appeal without holding an evidentiary hearing. This is not permitted by the Nebraska Postconviction Act and constitutes reversible error. Thus, we reverse the judgment of the district court and remand the cause for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.